*1290 WILSON, Circuit Judge,
dissenting:
A writ of mandamus “is a drastic and extraordinary remedy reserved for really extraordinary causes” and should issue here only if the lower court committed a “clear abuse of discretion.” Cheney v. U.S. Dist. Court for the Dist. of Columbia, 542 U.S. 367, 380, 124 S.Ct. 2576, 2586-87, 159 L.Ed.2d 459 (2004) (internal quotation marks and citations omitted). I do not believe that this case meets that standard. Before a Circuit Court of Appeals may issue a writ of mandamus, a petitioner must show that his or her right to the issuance of the writ is “clear and indisputable.” Id. at 381, 124 S.Ct. at 2587. Irrespective of whether the indictment in this case named Petitioners as “victims,” reasonable jurists can disagree (and have disagreed) as to whether Petitioners are “crime victims” under the Crime Victims’ Rights Act. See 18 U.S.C. § 3771(e) (defining a crime victim as any “person directly and proximately harmed as a result of the commission of a Federal offense”). Therefore, I see no clear abuse of discretion by the district court, and tried notions of judicial restraint dictate that a writ of mandamus not issue in this case. See Cheney, 542 U.S. at 381, 124 S.Ct. at 2587 (citations omitted) (“[T]he issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances.”). I respectfully dissent.